UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) C.R. No. 23-cr-0003-MSM -LDA |
| | ) |
| LISA A. TORRES. | ) |
| | ) |

ORDER

Mary S. McElroy, United States District Judge.

Lisa Torres is before the Court seeking a reduction in her sentence pursuant to 18 U.S.C. § 3582(B)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the Federal Sentencing Guidelines. (ECF No. 119.) On April 11, 2024, Ms. Torres was sentenced, pursuant to a binding plea agreement, to 102 months of incarceration concurrently on the two-count information to which to which she had pled guilty. The indictment that charged violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846 was dismissed as part of that agreement. The charges contained in the indictment carried a maximum term of imprisonment of life with a mandatory sentence of 10 years (120 months) incarceration.

With this Motion Ms. Torres argues that, although her guidelines were properly calculated in her PSR, she should have been informed of the two-level reduction in the advisory guidelines that occurred in November 2023, prior to her entry of a plea on February 21, 2024. She also seeks to have the Court release her early under 18 U.S.C. § 3582 (c)(1)(A)(1) which permits the Court to modify a term of

imprisonment if extraordinary and compelling reasons warrant such a reduction.

"Part A of Amendment 821 limits the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status) under § 4A1.1 (Criminal History Category)." 88 FR 60534, 605352023. The changes to calculating criminal history were made retroactive at the time they were implemented in November 2023. She also seems to be seeking a two-point reduction in her criminal history points under U.S.S.G. § 4C1.1.

A recalculation of Ms. Torres' criminal history under the current guidelines would result in an unchanged offense level as well as an unchanged criminal history.[1] The two-level reduction applies only to zero-point offenders. U.S.S.G. § 4C1.1. Ms. Torres received six criminal history points under Chapter Four, part A of the Sentencing Guidelines and would not have qualified for the reduction. Her guidelines were also appropriately calculated under U.S.S.G. § 4A1.1(e) which was also amended by Amendment 821. Because she was not under a criminal justice sentence while she committed this offense, and had fewer than seven criminal history points, she was not given any additional status points. (ECF No. 23, ¶41).

Ms. Torres was not entitled to a two-point reduction and her guidelines were properly calculated using the November 2023 amendment.

---

[1] Ms. Torres acknowledges that her guideline range was properly calculated. (ECF No. 119.) Instead, she argues that had she known about the amendment, she would have urged the Court to reject the plea agreement at sentencing.

2

Ms. Torres' also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA") 115 P.L. 391, 132 Stat. 5194, 2018 Enacted S. 756, 115 Enacted S. 756 which vests this Court with the authority to modify a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." "[O]nce a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release." *United States v. Beauchamp-Pellot*, 2024 WL 3738006 *6-7 (D.P.R. August 9, 2024); *United States v. Saad*, 2022 WL 35806, *1 (D.R.I. Jan. 4, 2022) (internal citations omitted). Having negotiated away a ten-year mandatory minimum sentence, agreed to a sentencing range of eight to nine years, and received the lowest sentence possible under the agreement, Ms. Torres filed this Motion less than five months after her sentencing.

Ms. Torres provides proof that she sought compassionate release from the warden of her facility more than thirty days before her filing of this Motion. The Court finds that she has exhausted her administrative remedies.

Her motion for compassionate release and a reduction of her sentence to one of time served is premised on extraordinary and compelling reasons. She argues that one daughter has moved and cannot assist with paying her mortgage and she risks

3

losing her property. That daughter also assisted Ms. Torres's adult son who, she alleges, requires support because of schizophrenia. She also asserts that if she is not released to earn money and pay for her home her son and granddaughter will become homeless. Finally, Ms. Torres argues that her mother is aging and that she is required to assist with her care.

18 U.S.C. § 3582(c)(1)(A) permits "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant" to modify a sentence if extraordinary and compelling reasons warrant such a reduction. "To grant the motion, the district court must find both that the defendant has presented an "extraordinary and compelling" reason warranting a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

After passage of the FSA which permitted defendants to bring compassionate release motions after first appealing to the warden of the facility, courts were left to determine what constituted "extraordinary and compelling" reasons in the context of prisoner-initiated motions. The First Circuit held that the district courts were not constrained by the policy statement in U.S.S.G. §1 B 1.13 when ruling on prisoner-initiated motions. *United States v. Ruvalcaba*, 26 F.4th 14, 23 (1st. Cir. 2022). In November 2023 the United States Sentencing Commission updated the relevant policy statement to reflect the change in the law that permitted prisoners to initiate motions for release and to significantly expand what constitutes "extraordinary and compelling" reasons. Extraordinary and compelling reasons, as set forth in the policy

4

statement, include the medical circumstances and age of the defendant, family circumstances, physical or sexual abuse while in custody for the term of imprisonment sought to be reduced, or other "circumstance or combination of circumstances that, when considered by themselves or together … are similar in gravity to" those contained in the other paragraphs. U.S.S.G. § 1 B 1.13(b).

Ms. Torres describes a situation where, because of her incarceration, she may lose the home that she owns. Since Ms. Torres' arrest and through sentencing her daughter lived in the home and assisted with payment of the mortgage. Because that daughter has moved away to attend school, she is no longer able to pay a portion of the mortgage. Ms. Torres argues that granting her compassionate release would allow her to secure a job and retain ownership of her home. She also argues that she needs to be available to care for her son, who suffers from schizophrenia, assist with the care of her granddaughter, and provide care for her mother who she claims suffers from dementia. But she does not suggest that she is the only caregiver for any of these parties. To the contrary she has two daughters who were assisting her son and, while one has moved away, the other remains and is presumably able to continue to provide the care he requires. It is important to note that during her interview for the PSR Ms. Torres asserted that, despite his condition, her son could take care of himself. She makes no specific claims about her mother's recent onset of incapacity or that she is the only one who can care for her. Notably, at the time of sentencing Ms. Torres' mother resided with her other daughter in Johnston, Rhode Island.

The circumstances that Ms. Torres describes are not the family circumstances

5

envisioned within the policy statement. Although her son and mother are ailing, there is no evidence that she is the only person who can care for them or indeed the level of care and assistance that they require. The financial circumstances that she cites, as well as the family difficulties, while regrettable, do not rise to the level of the circumstances outlined in the policy statement. The defendant has not proven extraordinary and compelling circumstances that would permit this Court to reduce her sentence.

The Court, having found that extraordinary and compelling circumstances do not exist, is not required to go further in its analysis. However, it is mindful of the First Circuit's admonition that appellate review is made easier when the district court takes the additional step of reviewing the appropriate § 3353(a) factors as of this time. *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

In this case, consideration of the § 3553(a) factors also suggests that a reduction in sentence would be inappropriate for Ms. Torres. The instant offense involved the trafficking of fentanyl. The distribution of fentanyl presents a special danger to the community and has contributed to the overdose crisis experienced in this District as well as around the country. This conduct followed prior convictions for defrauding the United States as well as bank fraud. The sentence that Ms. Torres received was at the low end of the sentencing range that she negotiated with the government. That negotiated agreement included the government's agreement to dismiss the indictment that included a charge carrying a mandatory minimum sentence of eighteen months more than Ms. Torres received. Just five months ago

the Court accepted this sentence as a good application of the statutory sentencing factors. A reduction in sentence at this time would undermine the goals of punishment, protection of the public, and deterrence that underlay the sentence she received.

For these reasons, Defendant's Motion (ECF No. 119) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
September 10, 2024