## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:23-cr-00003-MSM-LDA |
| LISA TORRES, | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Defendant Lisa Torres's Motion for Compassionate Release (ECF No. 138.)  Ms. Torres was sentenced in April 2024 to a 102-month term of incarceration for drug distribution offenses.  (ECF No. 117.)  She alleges—in what is now her third motion for compassionate release since the beginning of her imprisonment last year—that she has extraordinary and compelling reasons that justify early release.  (ECF No. 138-3.)  The United States opposes her Motion, arguing that the circumstances Ms. Torres alleges are not extraordinary and compelling reasons sufficient to support her Motion.  (ECF No. 139-1.)  For the following reasons, the Court DENIES this Motion.

"Under the compassionate release statute, a court may reduce a term of imprisonment if certain criteria are met and if the defendant has exhausted administrative remedies at the BOP."  *United States v. Burgos-Montes*, 142 F.4th 48,

57 (1st Cir. 2025) (citing 18 U.S.C. § 3582(c)(1)(A)).[1]  "In evaluating a compassionate release motion, the district court engages in a multi-step inquiry." *Id.*  First, the court must determine whether the defendant "is eligible for compassionate release by assessing (1) if the defendant has presented 'extraordinary and compelling reasons warrant[ing] such a [sentence] reduction,' and (2) whether the sentence reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).  Next, if these two criteria are met, "the district court then considers the relevant § 3553(a) sentencing factors and 'determine[s] whether, in its discretion, the [sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021)).  The burden of proof for a motion for compassionate release is with the moving party.  *United States v. Sepulveda*, 762 F. Supp. 3d 153, 157 (D.R.I. 2025) (citing *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 (1st Cir. 2023)).

Here, Ms. Torres alleges two circumstances that she argues constitute extraordinary and compelling reasons for compassionate release.  (ECF No. 138.)  First, Ms. Torres claims that she has exhibited symptoms indicating that she may have had or be in danger of having a stroke.  (ECF Nos. 138 at 1; 138-3 at 4.)  According to Ms. Torres, she has not been able to be seen by a cardiologist or a neurologist for these symptoms.  *Id.*  She does not provide any evidentiary support

---

[1] The United States "does not dispute that the Defendant has exhausted her administrative remedies."  (ECF No. 139-1 at 4.)

for her claimed medical circumstances apart from what appears to be a physician's emergency department note from her visit to the hospital following a possible stroke. *See* ECF No. 138-1.

Second, Ms. Torres claims that one of her grandchildren is being inadequately cared for by her son, who has a history of mental illness, substance abuse, and unemployment.  (ECF Nos. 138 at 2; 138-3 at 6–7.)  Ms. Torres claims that the grandchild's mother plays an insufficient role in the grandchild's life and posits that, although Ms. Torres is "admittedly is a felon of some pedigree" she is nonetheless "a star in the art of motherhood, as is evidenced by the success of her three daughters." (ECF No. 138-3 at 4.)  Ms. Torres appears to acknowledge that her grandchild's performance in school is satisfactory, but she suggests that the child's need for an individualized education program and tutoring is  concerning.  *Id.* at 6.   The only evidence Ms. Torres submits in support of these assertions are initial intake and evaluation records of her son's June 2024 visit to a mental healthcare provider.  *See* ECF No. 141-1.

The United States Sentencing Guidelines set forth which medical and family circumstances constitute extraordinary and compelling reasons warranting compassionate release.  *See* USSG § 1B1.13(b).  Under the guidelines, a defendant suffering from a terminal illness, one that causes a diminished ability to provide self-care within the prison environment, as well as one that requires long term or specialized care may qualify for compassionate release.  The guidelines also provide for relief when the prisoner is housed at a correctional facility that is experiencing or

is at risk of experiencing an outbreak of an infectious disease to which the prisoner may be particularly vulnerable.

The guidelines also allow for compassionate release for certain family circumstances, including the death of the custodial parent or caregiver of a child. A catchall provision allows a court to grant compassionate release for extraordinary and compelling family circumstances if "[t]he defendant establishes that circumstances similar to those listed in [above] exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." Individuals encompassed by this catchall provision include a defendant's minor child, partner, spouse, or parent.

In this case, Ms. Torres has not met her burden of proving that either of her asserted reasons for compassionate release constitute extraordinary and compelling circumstances under the Sentencing Guidelines. While her hospitalization records suggest that she may have exhibited some symptoms related to a potential stroke, those records are inconclusive, she provides no evidentiary support for her assertion that she has been unable to subsequently see a cardiologist or neurologist, and she does not explain how her condition would constitute a terminal illness, a condition that "substantially diminishes [her ability] to provide self-care within the environment of a correctional facility," or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the

defendant is at risk of serious deterioration in health or death." *See* USSG §1B1.13(b)(1).[2]

As for her family circumstances, Ms. Torres has not established how her son's mental illness renders him incapacitated in a way that would make him incapable of caring for her grandchild. The mere fact that her grandchild—like many children—is receiving individualized educational programming provides little, if any, support for her assertion that the grandchild is experiencing developmental issues that would constitute extraordinary and compelling reasons for her release. Furthermore, her son's medical records show that her grandchild was, in fact, living with both the grandchild's mother and the grandchild's maternal grandmother, at least as of June 2024. *See* ECF No. 141-1 at 17. She has not demonstrated circumstances like those listed in USSG §1B1.13(b)(3).

Even were Ms. Torres' alleged circumstances to constitute extraordinary and compelling reasons for compassionate release, the Court then is required to address the factors set forth in 18 U.S.C. § 3553(a) to determine whether those factors support her release.[3] Ms. Torres presents no evidence, other than her own word,

---

[2] If the defendant has records that show that she has either had a stroke and is not being properly treated, or that she has been denied such treatment, the Court may reconsider the motion.

[3] Having found that Ms. Torres has not demonstrated extraordinary and compelling reasons for compassionate release, the Court need not address the relevant §3553(a) factors, but nevertheless does so to aid potential appellate review. *See United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022) ("The district court is not required to address the section 3553(a) factors unless it finds in favor of the movant on the other issues. Our review is aided, though, when the district court takes the additional step of making a section 3553(a) determination.").

that she poses no threat to the community despite her long history of criminal behavior. And ordering her release after she has served less than a quarter of her sentence would hardly reflect the seriousness of the offense for which she was convicted or promote adequate deterrence to future criminal conduct by her or others.

For these reasons Ms. Torres's Motion for Compassionate Release (ECF No. 138) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

December 22, 2025